Not for Publication in West's Federal Reporter

# United States Court of Appeals

## For the First Circuit

No. 13-2082

UNITED STATES OF AMERICA,

Appellee,

v.

ROBERTO ROMÁN-ORENCH, a/k/a Tito Pecoso,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Gustavo A. Gelpí, U.S. District Judge]

Before

Howard, Chief Judge,
Lipez and Barron, Circuit Judges.

Xiomara M. Hernández on brief for appellant.
Rosa Emilia Rodríguez-Velez, United States Attorney, Nelson
Pérez-Sosa, Assistant United States Attorney, Chief, Appellate
Division, and Francisco A. Besosa-Martínez, Assistant United States
Attorney, on brief for appellee.

August 19, 2015

**HOWARD, <u>Chief Judge</u>.** Appellant Roberto Román-Orench seeks to have his guilty plea vacated because, he claims, the district court failed to properly investigate whether the medication he was taking affected his ability to competently plead guilty. Román also argues that his trial counsel was constitutionally deficient for failing to pursue the competency issue. Finding nothing amiss, we affirm his conviction and dismiss the latter claim without prejudice.

The genesis of Román's argument is the following exchange, which occurred during his change of plea hearing:

> THE COURT: Have you been treated for any mental or physical condition?
>
> MR. ROMÁN-ORENCH: Yes.
>
> THE COURT: What condition?
>
> MR. ROMÁN-ORENCH: I've been to a psychologist for drug treatment.
>
> . . . .
>
> THE COURT: Did you take medication for that psychological treatment?
>
> MR. ROMÁN-ORENCH: I'm taking medication at MDC.
>
> THE COURT: And what are you taking?
>
> MR. ROMÁN-ORENCH: The name? I don't know the name of the medication.
>
> THE COURT: And the purposes then?
>
> MR. ROMÁN-ORENCH: For anxiety and depression.

The district court ultimately found that Román was "fully competent and capable of entering an informed plea, that he is aware of the nature of the charges and consequences of this plea, and that the same is a knowing and voluntary plea." The court accepted the plea and sentenced Román to ninety-two months' imprisonment.

Román argues that the district court should have questioned him more aggressively about the medication he referenced and its effects on his ability to enter a voluntary and intelligent plea. Specifically, he faults the court's failure to ascertain the medication's name, dosages, and side effects, or to ask how recently Román had taken it. In the absence of an objection below, our review is for plain error; Román must show a clear or obvious error which affected his substantial rights and seriously impaired the fairness, integrity, or public perception of the proceedings. United States v. Almonte-Nuñez, 771 F.3d 84, 89 (1st Cir. 2014).

It is well established that a criminal defendant may not plead guilty unless he does so competently and intelligently. United States v. Kenney, 756 F.3d 36, 43 (1st Cir.), cert. denied, 135 S. Ct. 770 (2014); see also Fed. R. Crim. P. 11(b)(2). Accordingly, when a defendant states at a change of plea hearing that he is taking medication, "the district court has a duty to inquire into the defendant's capacity to enter a guilty plea." United States v. Savinon-Acosta, 232 F.3d 265, 268 (1st Cir. 2000).

Although we noted in Savinon-Acosta that "[t]he better practice" would be for the sentencing judge to question the defendant about the type, timing, quantity, purpose, and consequences of any medication, the "critical question" remains whether that medication has impaired the defendant's ability to voluntarily enter a plea. Id. Toward that end, we explained that, while expert testimony may be necessary in some circumstances to assess the effects of particular medication, "practical judgments can usually be made." Id.

Here, the sentencing judge admittedly did not ask Román all of the specific questions that we described in Savinon-Acosta as constituting the "better practice." But that was equally true in Savinon-Acosta, itself. There, we noted that the district court had ascertained neither the name nor quantity of the defendant's medication. Id. at 269. While we cautioned that we "would have been more comfortable" had the district court done so, we nevertheless explained that the court "did determine the purpose of the medicine" and had gone on to adequately assess the defendant's competency. Id. As the colloquy reproduced above makes plain, the sentencing judge here similarly established that Román's medication was intended to treat anxiety and depression. In addition, the record reflects that Román answered dozens of questions from the judge. While those questions were of the "yes or no" variety,

nothing in the record indicates that he had any trouble understanding them.

Moreover, the portion of the colloquy that Román emphasizes shows only half of the story. The record reflects that the court also sought assurances that Román was competent from both defense counsel and the prosecutor -- a practice we have explicitly blessed. Id. Emphasizing that defense counsel had met with Román on "ten or more occasions" over the prior two to three months, the court asked him whether, in his opinion, Román was fully competent. Counsel responded:

> Yes, your Honor. He's fully competent. We have met on numerous occasions. As the Court knows, he has been very active in the process of negotiating the plea agreement; and he knows specifically what he wants and that he basically obtained.

The court then asked the prosecutor whether she had any doubts regarding Román's competency, to which she responded: "No, your Honor, at this time the government has no doubts as to the defendant's competency." Finally, the sentencing judge himself remarked that "I had him [Román] in court four times, five times" and "I have been able to have prolonged colloqu[ies] with him; he does understand his case probably better than most detainees."

We are satisfied that counsel's assurances, coupled with the court's own questioning about Román's medication, sufficed to confirm that Román was competent to voluntarily enter a plea. Despite Román's protestations to the contrary, "there is certainly

-5-

no settled rule that a hearing cannot proceed unless precise names and quantities of drugs have been identified." Savinon-Acosta, 232 F.3d at 269. Accordingly, we find no error, plain or otherwise.

We also decline to address Román's ineffective assistance of counsel claim, without prejudice to his right to assert such a claim in a collateral proceeding. It is well settled in this circuit that we do not address on direct appeal fact-specific ineffective assistance claims not raised below unless the "attorney's ineffectiveness is manifestly apparent from the record." United States v. Rivera-Gonzalez, 626 F.3d 639, 644 (1st Cir. 2010) (internal quotation marks omitted). The record contains no such indication here.

The judgment of conviction is **affirmed** and the claim of ineffective assistance of counsel is **dismissed without prejudice**.